### PRICE JONES *vs.* GEORGE BLAKE.

### May 12, 1885.

**Mortgage by Deed Absolute in Form—Further Advances by Mortgagee.**—Where a conveyance of real estate absolute in form is made merely as security for a loan, it is to be deemed a mortgage; and the subsequent surrender of the note evidencing the indebtedness, and the advancement of an additional sum by the lender, equal, with the previous loan, to the agreed value of the land mortgaged, are not sufficient as between the parties to divest the title of the mortgagor, or bar his right of redemption.

Plaintiff brought this action in the district court for Hennepin county, to have a deed, absolute in form, of certain property in Minneapolis, made by plaintiff to defendant, declared to be a mortgage, to restrain the defendant from conveying the property, and for leave to redeem.

The allegations of the complaint are substantially as follows, viz.: On March 29, 1883, defendant lent to plaintiff, for thirty days, the sum of $3,000, and, to secure the repayment of this sum, plaintiff conveyed to defendant, by warranty deed, the property in question. On April 20, 1883, plaintiff applied for an extension of the loan, and defendant consented to extend it for four months, and offered to advance $2,000 more, upon the condition that he be authorized to sell the property and to divide equally between himself and plaintiff any excess of the proceeds of such sale over and above $70 per front foot, (at which price the value of the property would just equal the sums advanced, added to a prior incumbrance). This condition was accepted by plaintiff, and the following memorandum of agreement was made and signed, viz.:

"MINNEAPOLIS, MINN., April 26, 1883.

"It is understood and agreed between us that the property known as lots 4 and 5, J. S. Johnson's Addition to Minneapolis, shall be valued at seventy dollars per foot, and if we sell the same within four months from date for an additional price, that we will share the said excess with Price Jones; and if it should be sold for a less amount,

it is agreed on the part of said Jones that he will share with us equally for any deficiency which may be realized. It is agreed that the said Jones may elect at what price the same may be sold in case of any offer in excess of $70 per foot. Whatever expenses are incurred in sale of said property shall be charged to it before division of profit.

> "GEO. BLAKE.
>
> "PRICE JONES."

No sale was made during the four months, and defendant kept the property out of the market for the purpose of securing it at a price far less than its market value, which is $115 per front foot. The defendant, the four months having expired, claims to own the property absolutely, and is about to sell and convey the same. The plaintiff is ready and willing to redeem.

The answer admits the making and delivery of the deed to secure a loan of $3,000, for which plaintiff gave his note, and alleges that on April 26, 1883, plaintiff applied for an extension, which was refused, and thereupon defendant offered to advance the entire value of the real estate and to form an equal copartnership with plaintiff for handling the same, which offer was accepted, and thereupon the agreement set out in the complaint was made. The answer further alleges that defendant thereupon surrendered the note for $3,000, and took no new note for the sum of $5,000 paid, or any part thereof, and denies that the transaction was intended to be, or was, a loan. The answer further alleges that defendant at once placed the property in the market and has endeavored to sell it; that in September, 1883, defendant received a *bona fide* offer in good faith at the price of $75 per front foot, which offer he at once communicated to plaintiff, and offered to convey the property to plaintiff or such person as he should designate at such price, and that plaintiff refused to take the property or to name a price at which it should be sold, and immediately commenced this action.

The action coming on for trial before *Lochren,* J., without a jury, the plaintiff moved for judgment on the pleadings, which motion was granted, and defendant appeals from the judgment so entered.

*Keith, Thompson & Webster,* for appellant.

*Woolley & Reed*, for respondent.

VANDERBURGH, J.[1] Plaintiff borrowed of defendant $3,000 for 30 days, for which he gave his promissory note, and conveyed to him the lands in controversy by deed absolute in form, but as security merely. When the note became due plaintiff was unable to pay, and defendant refused an extension, and thereupon, in conformity with the proposition of defendant as alleged in the answer, he surrendered to plaintiff the note, and advanced to him $2,000 more, making in all a sum equal to the value of the land as estimated by the parties, and they jointly executed the agreement set forth in the complaint and admitted in the answer. Subsequently, it appearing that negotiations were pending for a sale and transfer of the legal title of the land by defendant, plaintiff brought this action to have such deed declared a mortgage, and for a redemption of the premises. The court ordered judgment for the plaintiff upon the pleadings, on payment of the whole amount advanced to plaintiff with interest.

The transaction was properly adjudged a mortgage, and the title of plaintiff and his right of redemption, as between the parties, were not divested by the subsequent surrender of the note and the supplementary agreement. The defendant had no right, therefore, before plaintiff's equity of redemption was lawfully barred, to make an absolute conveyance of the land. *Meighen* v. *King*, 31 Minn. 115.

The rights of the parties under the agreement in question, which relates to a division between them of the profits or losses in case of a sale of the property within a given time, it is not necessary to consider. The question here is as to the state of the title and plaintiff's right to redeem, which this defendant appears to dispute.

Judgment affirmed.

[1] Berry, J., was absent and took no part in this case.