OBEDIAH MORRILL, Administrator, *vs.* JEROME MADDEN.

September 6, 1886.

Statute of Limitations—Judgment—False Representations by Judgment Debtor.—Plaintiff's intestate held a judgment against the defendant for 15 years, (once renewed,) which he had failed to collect by execution, and finally suffered to outlaw, trusting to defendant's representations that he had no property liable to be applied in satisfaction thereof. The defendant had fraudulently transferred lands to his father before the recovery of the judgment, which he untruly represented to have been upon full consideration paid, and had otherwise deceived his judgment creditors in respect to the ownership of his property. *Held*, that reasonable diligence required that the creditor should seek to discover the property of the debtor, or the consideration therefor alleged to have been received, by appropriate proceeding in court, and not to rest implicitly upon the statements and conduct of a hostile and interested party till his legal remedies upon the judgment were lost by lapse of time; and that the plaintiff was not, therefore, entitled to bring an independent action for damages by reason of the alleged fraud and deceit of defendant.

Appeal by defendant from an order of the district court for Waseca county, *Buckham*, J., presiding, overruling a demurrer to the complaint.

*P. McGovern* and *Lovely, Morgan & Morgan*, for appellant.

*Sawyer, Abbott & Sawyer*, for respondent.

VANDERBURGH, J. In June, 1859, plaintiff's intestate, Foster Morrill, became the owner, by assignment, of a judgment for upwards of $500, against the defendant, which had been duly docketed in Waseca county. In 1865 an action was brought on such judgment by Foster Morrill, and a new judgment was duly recovered and docketed in the district court of the same county in his favor, and against the

defendant, for the sum of $1,019.83. The complaint shows that before the recovery of the original judgment the defendant owned a large amount of property in Waseca county, sufficient to satisfy the same, which he proceeded to dispose of with intent to defraud his creditors, and defeat the collection of the judgment, which has never been paid; that, among other things, he conveyed a quarter-section of land to his father, a resident of Missouri, without consideration; and that he caused the title of other property to be taken and held in the name of his wife, in secret trust for himself, (having apparently no property himself subject to execution,) and that the same so remained until after the statute of limitations had finally run against the judgment, when he caused his property to be reconveyed to him; that plaintiff's intestate, during the life of the judgment, endeavored to obtain payment of the amount of the same of defendant, who "constantly represented and stated that he (defendant) had no property, and was wholly unable to pay the same;" that he caused several executions to be issued, which were returned wholly unsatisfied, and that defendant falsely and fraudulently represented and stated to plaintiff's intestate that his conveyance of the lands first above referred to was *bona fide*, and upon full consideration paid, and that his wife was the real owner of other tracts conveyed to her, and that defendant had no interest therein; that such representations were made to mislead and deceive Morrill, and prevent an action to subject the lands to the judgment until it was barred by the statute; and that the latter, believing and relying upon such false representations, and having no means of ascertaining their untruth, and being ignorant of the fraudulent character of the transfers by defendant, delayed further proceedings until his judgment was barred by limitation.

These are the substance of plaintiff's allegations, upon which he bases a claim for relief in damages against the defendant to the amount of the judgment the lien of which he claims to have lost by trusting to the defendant's representations and conduct. It will be observed that the alleged fraudulent representations, as set up, are but the continuation and culmination of the alleged attempt on the part of the debtor to secrete his property until after the expiration of the statutory limitation, which it seems was successful. It was never

understood, however, that a cause of action for damages would arise in favor of a party for the recovery of the amount of a judgment which had been suffered to become outlawed, because the judgment creditor had failed to discover property which the debtor had fraudulenty concealed until after the statute had run. The debtor in this case had put his property out of his hands. He had followed it up by a falsehood as to the good faith of the transfer. But the creditor had no legal right to exact information from him, except in the course of judicial proceedings. He was a hostile party, having, evidently, no disposition to make payment. The public records would disclose the transfer of property. It does not appear that there was not ample time and opportunity, during the 15 years Morrill owned the judgment, for inquiry and legal investigation as to the validity of the transfer, or the nature and amount of the consideration received therefor, and the disposition of it, and the truth of the debtor's statements.

Again, it is alleged that he represented that the land conveyed to his father was for a full consideration paid. If the judgment creditor believed such statement, he should have taken measures to reach such consideration. Reasonable diligence would have compelled him to seek to reach the property or the consideration, and not to rest implicitly upon his general statement that he had no property. The courts were open for his examination, under oath, by supplementary proceedings, or in a creditor's suit. Upon this state of facts disclosed, the creditor rested at his peril upon the general and unsworn representations of a hostile and interested party to the suit, as to his own financial condition, till his legal remedies were lost by lapse of time. *Insurance Co.* v. *Reed*, 33 Ohio St. 283, 291.

We do not undertake to say that there might not be such fraudulent representations or practices by the debtor as to deceive a reasonably prudent and vigilant person, and to induce him to abandon the pursuit of property to satisfy his judgment until too late to reach it, so as to entitle him to a remedy by an independent action, but we do not think such a case is here presented. The courts cannot, under ordinary circumstances, extend relief to parties who fail to exercise reasonable diligence or discretion.

Order reversed.