GEORGE R. LEWIS *vs.* JEREMIAH C. PRENDERGAST and others.

October 16, 1888.

Specific Performance—Limitation of Action.—An action to compel specific performance of an executory contract for the sale of real estate must be brought within six years after the cause of action accrues. Gen. St. 1878, c. 66, § 6.

Same—When Statute Begins to Run.—The vendee's right of action accrues when he is entitled to file his bill for specific performance; and this he may do on the date fixed by the contract for the payment of the purchase-money and the delivery of the deed, (the two being concurrent and dependent,) although he has not previously offered performance on his own part, or demanded performance on part of the vendor. His neglect to make such offer and demand before suit will only affect the question of costs.

Appeal by plaintiff from an order of the district court for Washington county, *McCluer,* J., presiding, sustaining a demurrer to the complaint.

*W. K. Gaston* and *McMillan & Beals,* for appellant.

*Henry C. James,* for respondents.

MITCHELL, J.[1]   Action to compel specific performance of a contract for the sale of land. The contract was executed August 5, 1876, and by its terms the purchase-money was to be paid, and the deed delivered, in one year from that date; the two being concurrent and dependent. May, 1883, plaintiff offered to pay the purchase-money, with interest, and demanded a conveyance; but defendant Prender-

[1] Collins, J., was absent and took no part in this case.

gast refused to accept the money or make a deed. This action was commenced April, 1887. The contract was wholly executory, and there is no allegation that the time of performance had ever been extended.

We think the action was barred by the statute of limitations. The case comes within section 6, chapter 66, Gen. St., which requires suit to be brought within six years after the cause of action accrues. The cause of action of a vendee, in an executory contract for the sale of land, accrues whenever he becomes entitled to file his bill for specific performance. In the present case the plaintiff (or his assignor) might have done this August 5, 1877, when, by the terms of the contract, the purchase-money was to be paid, and the deed delivered. It is contended that a tender or offer to pay the purchase-money, and a demand of a deed, was necessary before a suit could be brought for specific performance; and that as this was not done until May, 1883, therefore plaintiff's cause of action did not accrue, or the statute begin to run, until that date. Upon the question of the necessity of a tender or offer to perform by the plaintiff, and a demand of performance on part of defendant, before suit for specific performance, the decisions in this country are conflicting, and often confused in their statement of the rule. They seem frequently to fail to distinguish between an action of this kind and one at law for damages for non-performance of the contract, or for a recovery of the purchase-money paid. In order to put a party in default in case of dependent covenants, so as to subject him to such actions, undoubtedly there must be a tender or offer of performance by the other party to the contract, and a demand of performance on his part. But in an equitable action for specific performance, in our judgment, the true rule in principle, and amply sustained by authority, is that no such offer or demand by plaintiff before suit is necessary; that it is enough that he is ready and willing to perform at the time of bringing the action, (unless his rights have been lost by laches,) and that he offers to perform in his complaint. The plaintiff's performance can be provided for in the judgment, and his previous neglect will only affect the question of costs. This rule has been already recognized by this court in *Sons of Temperance* v. *Brown*, 9 Minn. 144, (157,) and *Coolbaugh* v.

*Roemer*, 32 Minn. 445, (21 N. W. Rep. 472.) For a quite full cita-tion of authorities on this question, see 3 Pom. Eq. Jur. § 1407, and notes. The reason for this equitable rule is that in such cases the court can grant just such relief as a party may show himself entitled to, and upon such conditions as will protect the other party. The order sustaining the demurrer to the complaint is therefore affirmed.