## JONATHAN PETERSON *vs.* WILLIAM A. ALDEN.

Submitted on briefs April 5, 1892. Decided May 3, 1892.

**Alleged Errors Considered.** — Several alleged errors on the trial of this case considered and disposed of adversely to appellant.

Appeal by defendant, William A. Alden, from an order of the Municipal Court of the city of Minneapolis, *Elliott*, J., made September 1, 1891, refusing a new trial.

The plaintiff, Jonathan Peterson, bargained orally with defendant on February 28, 1888, for lots twenty-nine .(29) and thirty (30) in block seventeen (17) in Prospect Park addition to Minneapolis. They were subject to two mortgages for $1,560, and interest, $34. The defendant orally agreed with plaintiff that if plaintiff would buy the lots, take a deed of them, and assume the mortgages, he (defendant) would in a few days pay plaintiff the $34 accrued interest, and furnish and deliver to him an abstract of the title. Plaintiff then and there bought the lots, took the deed, assumed the mortgages, and performed on his part. Defendant neglected to pay the $34 accrued interest, and failed to furnish an abstract of title. Plaintiff, to save his lots, paid the interest, and himself obtained an abstract of title at an expense of $22.50, and brought this action to recover the two sums. The Municipal Court found the allegations of plaintiff's complaint to be true, and ordered judgment against defendant for $56.50, and interest and costs. He moved for a new trial, and, being denied, appealed to this court.

Here defendant's fourth and sixth assignments of error were as follows:

4th. The court erred in allowing the witness Peterson to testify as to the effect such conversations had on his mind.

6th. The court erred in rejecting the evidence of the witness Anderson as to what the agreement or conversation between the parties was.

*Geo. S. Grimes,* for appellant.

*Steele & Rees,* for respondent.

They cited *Healy* v. *Young,* 21 Minn. 389; *Rugland* v. *Thompson,* 48 Minn. 539; *Gammon* v. *Ganfield,* 42 Minn. 368.

COLLINS, J. The complaint herein set forth two distinct causes of action fairly well. In respect to the first, it was alleged that plaintiff had entered into a contract with defendant for the purchase of, and had purchased from him, a certain parcel of real property; and that, as a condition of such contract, defendant promised and agreed to advance and pay over to plaintiff the amount which had then accrued as interest upon two mortgages upon said property, and had not done so. As the second cause of action, it was alleged that, as one of the conditions of said contract, defendant promised and agreed to furnish and deliver to plaintiff a good and proper abstract of title to the real property, and thereafter refused to do so. There were other and formal allegations as to both causes of action, which need not be repeated here. It is not necessary to consider appellant's claim that in the first cause of action the allegations were insufficient and defective, because plaintiff's right to recover on the second cause was fully made to appear in the pleading, and hence defendant's objection to the reception of any evidence, on the ground that the complaint failed to state facts sufficient to constitute a cause of action, was too broad. It was not sufficiently specific to reach a defect, if there was one, in pleading the first cause of action, and should have been directed to the exclusion of testimony in regard to that cause alone.

From an examination of the record, we are unable to discover that defendant at any time moved to dismiss, upon the ground that there was another action pending between the parties at the time the present one was commenced and when it was tried; but, had such a motion been made, it should have been denied. See *Althen* v. *Tarbox*, 48 Minn. 18, (50 N. W. Rep. 1018,) and cases cited.

While being examined as a witness plaintiff was asked by his counsel, with a direction to answer the question categorically, whether he had a conversation with defendant when the purchase was made and the deed passed with reference to the accrued interest. Under defendant's objection that it was "incompetent, irrelevant, immaterial, tending to contradict the terms of the covenants of a deed by which the rights of the parties were to be governed," plaintiff was permitted to answer "Yes," and, without further opposition, was questioned and allowed to detail the conversation. If this objection is to be treated as involving the competency or materiality of the answer to be and which was elicited, merely a brief affirmation, it is difficult to see wherein defendant was or could be injured; and, if meritorious, the objection should have been interposed later, when counsel sought to have the conversation related. If, upon the other hand, we should limit the effect of the objection as made, and regard it simply as an objection because an answer to the question might tend to contradict covenants contained in defendant's deed to plaintiff, it may be said that a categorical answer to the question, such as was required and was given, would have no tendency to contradict anything or anybody. In addition to this, it may be suggested that when this ruling was made it had not appeared that a deed containing covenants of any description had been received by plaintiff. In fact, although alluded to upon the trial as a warranty deed with full covenants, the conveyance was not introduced in evidence by either party. Appellant's assignments of error numbered four and six are disposed of by saying that the plaintiff was not allowed to testify as to the effect the conversations with defendant had upon his mind, nor did the court exclude the testimony of the witness Anderson as to what the agreement was between the parties. To the contrary, he was invited to state what it was, if he knew.

There was evidence which fully justified the trial court in finding the facts in regard to the contract to be as claimed by the plaintiff; and the contention of defendant's counsel that the testimony in respect to the reasonable value of the abstract of title obtained by plaintiff, upon defendant's refusal to furnish one, was insufficient to warrant the finding as to value, and also that an improper measure of damages in respect to this failure to furnish an abstract was adopted, is not covered by any assignment of error.

Order affirmed.

(Opinion published 52 N. W. Rep. 39.)