(Opinion published 52 N. W. Rep. 39.)

---

CARROLL A. NYE *vs.* JAMES H. SWAN *et al.*

Argued April 21, 1892. Decided May 3, 1892.

**Deed Absolute—Held a Mere Security for Money.**—An agent with authority to buy lands, and intrusted with funds of his principal to pay therefor, without the authority or knowledge of his principal, loaned the money at a usurious rate of interest, and as security for the repayment of the money took from the borrower a deed to the principal of certain land which was in form an absolute conveyance, but in fact executed merely as security. *Held*, that if the principal elects to accept the deed, and avail himself of the benefits of it, he will hold it as a mortgage merely, and not as an absolute conveyance.

**Principal and Agent—Ratification.**—Also that by accepting it, and seeking to avail himself of it as security for the amount of his money actually loaned by his agent, with legal interest, he does not thereby ratify the act of the agent in exacting usury.

**Tender before Bringing Action.**—In an action to redeem, a tender before suit, or even a formal offer to pay in the complaint, is not necessary. The court has the power to grant the relief upon such conditions as will fully protect the other party.

Appeal by plaintiff, Carroll A. Nye, from a judgment of the District Court of St. Louis County, *Stearns*, J., entered August 17, 1891, denying the relief sought.

On November 27, 1886, plaintiff owned one hundred and thirty-eight acres of timber land near Vermilion Lake, midway between

Tower and Ely, in St. Louis County, and worth about $2,000. The defendants, James H. Swan and Ira O. Smith, were then partners in business at Chicago, Ill., and sent their agent, B. S. White, to Duluth to buy land in that vicinity for them as an investment. He had no authority to lend their money. But he on that day loaned to plaintiff $800, and as security took his deed of this land, agreeing to hold it unrecorded for one hundred days, and, if plaintiff should repay the money and $100 bonus within that time, White was to return the deed unrecorded. On December 6, 1886, White placed the deed on record, and then left Duluth. He afterwards delivered the deed to the defendants, telling them it was an unconditional purchase. Plaintiff learned that the deed had been recorded, and at once raised $900, and went to Duluth to tender it to White or defendants, if either could be found, but was unable to find any one of the three.

Plaintiff commenced this action September 28, 1888, to have the deed adjudged a mortgage and to be void for usury. If not void for usury, then he asked to redeem by paying $800 and interest. The summons was served by publication. The defendants failed to appear, and plaintiff took judgment by default. The court on motion opened the default, and allowed the defendants to answer. From that order plaintiff appealed to this court, where the order was affirmed. *Nye* v. *Swan*, 42 Minn. 243. The defendants then answered, claiming the transaction was a sale of the land to them, and not a mortgage. The issues were tried October 7, 1890. The court filed findings of fact May 26, 1891, and ordered judgment for defendants dismissing the action. Plaintiff made a motion for a new trial on the ground that the decision was not justified by the evidence and for errors in law. This motion was denied August 15, 1891, and judgment was entered two days thereafter. From that judgment plaintiff appeals.

*R. R. Briggs,* for appellant.

The finding of the court "that after defendants had received said deed, and paid said thousand dollars therefor, the defendants were informed of plaintiff's claim," is not supported by the evidence.

The willingness of the party to perform those terms which the court may think it right to impose as the price of any relief is sufficiently shown by his submitting his cause to the court which has the power to impose the proper terms. *Knappen* v. *Freeman,* 47 Minn. 491.

The contract was usurious, and therefore void. *Kemmitt* v. *Adamson,* 44 Minn. 121; *Adamson* v. *Wiggins,* 45 Minn. 448; *Stein* v. *Swensen,* 44 Minn. 218.

*White, Reynolds & Schmidt,* for respondents.

Appellant had all his dealings with B. S. White, and made no attempt to find what his authority was. He is therefore bound by the actual authority possessed by the agent, and has only himself to blame if he conveyed land for what he now believes to have been an insufficient price. He made a deed, and delivered it to White, stating a consideration greater than that which he received. Nye thereby placed it in the power of White to exhibit the deed in which he admitted the receipt of $1,000, and enabled White to demand and receive that sum from the defendants. Of this sum he got $800, and White $200, and defendants, according to plaintiff's theory, received no title at all.

Defendants, acting upon the deed made by Nye and delivered by him to White, have paid White $1,000, and the first knowledge they have of any claim to the land by appellant is an action brought by him to set aside and have their title under this deed held void. They have paid the full market value of the land, depending in good faith upon the deed executed to them by appellant; and, if they are now to lose the land, a great injustice is done them, and every well-settled principle of law relating to agency is grossly violated.

MITCHELL, J. This was an action to have deed from plaintiff to defendants, in form an absolute conveyance, declared a mortgage, and, as such, adjudged usurious and void, or, if the court should find it not void, that the plaintiff be allowed to redeem by paying the defendants the amount which the court should find due thereon.

In their answer the defendants stood upon the ground that the deed was in fact, as it was in form, an absolute conveyance.

The facts, as found by the court and jury, were as follows:

That in November, 1886, the plaintiff was the owner of the land in question; that at that time one White was the agent of the defendants for the purpose of purchasing lands for them, and for no other purpose, and was furnished by them with money to pay for such lands as he might buy; that, assuming to act as the agent of defendants, he loaned $800 of this money to plaintiff under an agreement that it should be repaid within 100 days, with an additional $100 for the use of the $800 for that period of time, and at the same time as security for the loan took from plaintiff, and plaintiff executed, the deed in question to defendants, the consideration named in the instrument being $1,000. This deed was executed, not as an absolute sale and conveyance, but merely as security. White had no authority from defendants to lend money for them to any one. In the spring of 1887, defendants, having been informed that plaintiff claimed that the deed was given merely as a mortgage, inquired of White as to the facts, and were informed by him that plaintiff's claim was false; that he had made an absolute purchase of the land from him, and had never loaned him any money or taken the deed as a mortgage. Defendants, relying on White's statements, and believing them true, have always claimed that the deed was an absolute conveyance, and treated it as such, claiming that they were the owners of the land. The court also found that White charged defendants $1,000 as the purchase price of the land, and that "the defendants allowed and paid the same to White before they, or either of them, had any notice or knowledge that the plaintiff made any claim that the deed was given as a mortgage or to secure a loan."

This finding is probably not important, but the part of it quoted is unsupported by any evidence. There is the bare statement of one of the defendants that they paid $1,000 for the land, but not a particle of evidence as to when or how it was paid. So far as appears, White is still their agent, and his account as such unclosed, and, for anything that appears, the "payment" referred to might have

been a mere matter of bookkeeping by White's charging defendants and crediting himself with $1,000.

Aside from this, we think that the findings were justified by the evidence. The only one, the correctness of which defendants' counsel seriously disputes, is the one to the effect that the deed was executed as security for a loan of money, and not as an absolute sale and conveyance of the land; and this contention, as we understand him, he makes, not upon the ground that the evidence was insufficient to justify a finding that the actual agreement between White and plaintiff was that the deed was to be merely security for the loan, but that inasmuch as White had no authority to make loans and take mortgages for defendants, but had authority to buy lands, and pay for them, and take absolute conveyances, therefore the deed was an absolute sale and conveyance of the land by plaintiff to defendants, and that the defendants have a right to retain and hold it as such.

It would seem that to state such a proposition is to refute it. Plainly stated, it is that if an agent, intrusted with money to buy land for his principal, should, without authority, lend the money and take a mortgage as security, the principal would have a right to change it into such a contract as the agent was authorized to make, and hold it as an absolute conveyance of the land, although the other party never made any such contract.

The only legal principle which counsel invokes in support of his contention is the elementary one that a person who deals with an agent is bound to inquire as to the nature and extent of his authority, and that the principal is only bound by the acts of the agent which are within the scope of his authority,—a rule the correctness of which no one will dispute, but which counsel has in this case wholly misapplied. He has overlooked the equally elementary rule that, where an agent has entered into an unauthorized contract in behalf of his principal, the latter cannot ratify a part of it, and repudiate the remainder, but must either adopt the whole or none, and, *a fortiori*, if he adopts it, he must adopt it as made, and not as something entirely different. There may be cases where the transaction includes

several things which are severable and independent of each other, some of which are within and some beyond the authority of the agent, where the principal has the right to adopt the former and repudiate the latter. But in this case the transaction was an entirety, viz., a mortgage to secure a loan, and the defendants must either adopt it as a mortgage or repudiate it entirely.

The fact that the instrument was in *form* a deed of conveyance, such as White was authorized to take in the purchase of land, is wholly immaterial, at least in the absence of facts which would equitably estop plaintiff from denying that it was an absolute conveyance. No such state of facts exists here. It follows that the only rights, if any, which defendants have under the deed are those of a mortgagee.

2. The plaintiff, however, claims that the defendants take it with the taint of usury; that they have ratified the act of White in exacting usury, by omitting to disavow the contract within a reasonable time after notice of plaintiff's claim, and by retaining the contract, and claiming title to the land under it.

But they never recognized it as a mortgage, never treated the transaction as a loan, and have never received or claimed any usurious interest under it; but, on the contrary, have always believed and insisted that it was an absolute sale and conveyance of the land, as it appeared on its face to be, and as their agent asserted that it was. We fail to see wherein they have ratified the act of White in bargaining for a usurious rate of interest, or why, having failed in maintaining their claim that the deed was an absolute one, they are not entitled to have it stand as security for the amount of their funds actually loaned by White. Had they placed the money in White's hands, to be loaned at a legal rate of interest, and he had, without their authority or knowledge, exacted and included usurious interest, they could have enforced the mortgage for the amount actually loaned, and lawful interest, and an attempt to do so would not have amounted to a ratification of the act of the agent in exacting usury. *Jordan* v. *Humphrey*, 31 Minn. 495, (18 N. W. Rep. 450.)

So here, while, as the deed was executed as a mortgage, the defendants must adopt it, if at all, as a mortgage, yet their doing so, and

availing themselves of it as security for the amount actually loaned, will not, of itself, amount to a ratification of the act of White in exacting usury.

3. The court below refused to grant plaintiff any relief, and ordered judgment against him for costs. This was clearly wrong. Plaintiff was entitled to a judgment permitting him to redeem, and have a reconveyance or a cancellation of the deed upon paying the amount actually loaned, ($800,) with interest from the date of loan, November 27, 1886. This was the alternative relief which he asked in his complaint. He had submitted his rights to the court, and indicated his willingness to comply with such conditions as the court might impose. A tender before suit, or even a formal offer in the complaint to pay, was not necessary in a case of this kind. A plaintiff may not correctly foresee the terms which the court may think equitable to impose on him, or the terms may themselves, as in this case, form the very matter in controversy between the parties. The court has the power, and it is its duty, in such cases to grant just such relief as the party may show himself entitled to, upon such conditions as will fully protect the other party. *Coolbaugh* v. *Roemer*, 32 Minn. 445, (21 N. W. Rep. 472;) *Lewis* v. *Prendergast*, 39 Minn. 301, (39 N. W. Rep. 802;) *Knappen* v. *Freeman*, 47 Minn. 491, (50 N. W. Rep. 533;) *Jervis* v. *Berridge*, L. R. 8 Ch. App. 357; 3 Pom. Eq. Jur. § 1407, and note.

The cause is therefore remanded, with directions to modify the judgment in accordance with this opinion, allowing the plaintiff to redeem within such reasonable time as the court may fix, and, upon his failure to do so within that time, that he be barred of all equity in the premises, and that the present deed stand and operate as an absolute conveyance.

(Opinion published 52 N. W. Rep. 39.)