(Opinion published 57 N. W. Rep. 64.)

---

MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE RAILWAY CO. *vs.* JOHN CHISHOLM *et al.*

Submitted on briefs Oct. 19, 1893.    Modified Nov. 29, 1893.

No. 8359.

**Evidence held to show vendee entered with vendor's consent.**

Where a contract for the sale of land required payment of the purchase price, before entry and the erection of improvements thereon by the vendee, but the vendee nevertheless entered and constructed improvements thereon, with the knowledge of the vendor, and thereafter continued to occupy and use the same without objection, *held*, that the court was justified in finding, under the circumstances of the case, that such entry was with the consent and acquiescence of the vendor, and that the condition of the contract in respect to payment before entry was waived, and also that such vendee was in possession under the contract.

**Lapse of time as against a vendee in possession.**

*Held*, also, that while such possession continued, and no steps were taken to cancel or enforce the contract, the remedial rights of the vendee were not prejudiced by mere lapse of time.

Fraud, to avoid a written contract, should be clear and persuasive.

> To avoid an instrument for fraud in its execution, the evidence must be clear and persuasive, and the party assailing it must himself be reasonably free from fault and negligence.

Evidence insufficient to establish fraud.

> Evidence of fraud *held* insufficient to warrant the court in setting aside the contract in question here.

Tender before suit for specific performance. Costs.

> In an action for specific performance by the vendee, tender of performance on his part before suit brought is not essential. It is enough that he be ready and willing to perform, and that he make the proper tender of performance in his complaint. The rights of the parties may be adjusted in the decree; but, unless such tender has been made before suit, it is error to award costs to the plaintiff.

Appeal by defendants, John Chisholm and Mary his wife, from an order of the District Court of Stearns County, *D. B. Searle*, J., made February 2, 1893, denying their motion for a new trial.

On April 27, 1886, the defendants entered into a contract with the Minneapolis and Pacific Railway Company to convey to it, its successors or assigns, on demand within three years thereafter, a strip of land one hundred feet in width for its railroad over the southeast quarter of the southeast quarter of Section eight (8), T. 122, R. 32, near Paynesville in Stearns County. The contract contained the condition that if the railroad was not actually constructed across the land within three years thereafter, it should be void. It further provided that the Railway Company might enter upon the land to survey and locate its railroad, but should not commence actual construction until it had paid or tendered $30 per acre, which was the agreed price to be paid for the land taken. Upon payment or tender of the amount within three years from that date, the Railway Company, its successors or assigns, was to have a deed of the strip free and clear of all liens. The Company took possession of the strip of land in 1886 and built its railroad over it that year without objection, occupying three acres.

On June 11, 1888, the plaintiff, the Minneapolis, St. Paul & Sault Ste. Marie Railway Company, succeeded to the rights, property and franchise of the Minneapolis and Pacific Railway Company by an instrument of consolidation dated that day and has ever since operated the railroad and had possession of the right of way. On

September 3, 1891, it brought this action for specific performance
of the contract, brought the $90 and interest into Court and asked
that defendants be compelled to convey to it this strip of land oc-
cupied by it for right of way.

The defendants answered, that they did not when they made the
contract have a clear title to the land and agreed with the Min-
neapolis and Pacific Railway Company to release to it their claim
only to the strip of land, for $30 per acre.    That its agent then
prepared and pretended to read to them the material parts of a
contract to that effect and they supposed that they signed it, but
that he fraudulently substituted another, in the terms stated in
the complaint.    That neither company ever offered or tendered to
them the money or demanded a deed, prior to bringing this suit,
that the plaintiff company took possession of the strip of land in
October, 1888, without the license or consent of defendants, and
that defendant, John Chisholm, has since acquired a good and per-
fect title in fee simple to the entire forty acres described in the
contract.

The issues were tried January 4, 1892, and the Court made find-
ings, and directed judgment that plaintiff pay into Court for de-
fendants $131.14, being $30 per acre and interest from the date of
the contract and that the plaintiff should thereupon be invested
with title, and directed defendants to execute and deposit in Court
for plaintiff a conveyance of the land as contemplated in the con-
tract, and awarding to plaintiff costs and disbursements.    Defend-
ants moved for a new trial, and being denied appeal.

*Oscar Taylor,* for appellants.

*Alfred H. Bright* and *George H. Reynolds,* for respondent.

VANDERBURGH, J.    The Minneapolis & Pacific Railroad Company,
to whose rights and property the plaintiff has succeeded, procured
of the defendants a contract for the conveyance to it, its successors
or assigns, of a strip of land for right of way through their farm.
The contract was executed and dated April 27, 1886, and contains
a covenant on defendants' part to convey the land described there-
in and in the complaint, upon demand and payment of the price
stipulated at any time within three years.    It also provided that
the construction of the road across the defendants' land should not

be commenced until defendants should have been paid or tendered the price agreed on, but "that, upon payment or tender of that amount, within three years from the date of the contract, the second party, its successors or assigns, shall be entitled to a deed free and clear of all liens." This action for a specific performance of the contract was brought in 1891. The plaintiff, among other things, alleges that its road was located and constructed in the year 1886, upon the strip of land here in question, with the consent and acquiescence of the defendants, and it has since so continued in the exclusive occupation and possession thereof.

It further alleges that it is ready and willing to pay the purchase money, and that it brings the same into court for such purpose.

Under the allegations in the answer, the defendants undertook to show that there was fraud in the execution of the contract in this: That it was agreed and understood between the parties that the deed to be given should be a quitclaim only, and the contract was not so written. The trial court held that the evidence was not sufficiently clear and satisfactory to establish fraud in the execution of the contract. In this we think the court did not err, since the rule in such cases is that the party seeking to avoid the contract should himself be reasonably free from negligence, and the evidence should be clear and persuasive. 2 Whart. Ev. § 932; *McCall* v. *Bushnell,* 41 Minn. 37, (42 N. W. Rep. 545,) and cases.

Here nearly six years had passed before the trial. The recollection of the defendants was evidently not very distinct, except they felt sure that it was a quitclaim they were to give, and that the agent who procured it so read the contract. They did not read it themselves, nor require it to be read in full, nor ask for a copy, though they had ample opportunity to read it if they chose. The contract calls for a conveyance, but not for a quitclaim or a deed with covenants; and the defendants allege that they had perfected the title within the previous five years. A careful examination of the evidence of the defendants, including the cross-examination, satisfies us that the court was right, and that the evidence was insufficient to avoid the instrument.

The court finds, in conformity with the allegations of the complaint, that the company was suffered to take possession of the land in controversy, with the knowledge, consent, and acquiescence

of the defendants, and has ever since remained in the full, open, exclusive, and uninterrupted possession of said strip of land, and has constantly used and occupied the same, in the operation and maintenance of a railway thereon. It does not appear that the defendants ever made any objection to the construction and operation of the road, though they knew all about it, and this is sufficient to sustain the finding of the court, and to show a waiver of the technical terms of the contract, requiring payment as a condition precedent to such occupation, and the case does not differ substantially from other cases, which not infrequently arise, where a vendee takes possession with the implied consent of the vendor, though that right is not given by the contract.

In respect to the plaintiff's delay, the conduct of the parties in such cases will be considered in determining the question whether it should be excused; and on this question the plaintiff's possession and defendants' acquiescence therein become material, as tending to show that the contract is not forfeited, but is still subsisting. While plaintiff was in the undisputed possession, and no steps taken by either party, there was a mutual recognition of the continued existence of the *status quo* under the contract. *Gill* v. *Bradley*, 21 Minn. 21.

As respects the performance of the contract, the forbearance was mutual, (*Waters* v. *Travis*, 9 Johns. 458;) and the lapse of time did not prejudice plaintiff's remedial right. (Pom. Cont. § 409.)

Under a proper construction of the contract, the covenants to pay and to convey were dependent, and, time not being made essential, and the delay having indeed been waived, there is no substantial reason why the contract should not be enforced.

The evidence is ample and indisputable that plaintiff has succeeded to the title and rights of the Minneapolis & Pacific Railroad Company, and we think the allegations of the complaint in that behalf sufficient. No question was raised on this appeal in respect to interest due defendants, under the contract, after the plaintiff's entry on the land, but that may be adjusted in the court below without the necessity of a new trial.

There is but one other question in the case which we deem necessary to consider. In the equitable action to enforce specific performance, it is no defense to the merits that a tender of perform-

ance is not made before suit brought. It is sufficient that the plaintiff offer to perform in his complaint, and the rights of the parties, including the question of costs and interests, may be adjusted in the decree. The failure to make the tender before suit can only affect the question of costs. *Lewis* v. *Prendergast*, 39 Minn. 302, (39 N. W. Rep. 802;) *Freeson* v. *Bissell*, 63 N. Y. 171.

The court erred in finding that the plaintiff is entitled to costs and disbursements, and in directing judgment in its favor therefor. As before intimated, this should have been equitably adjusted between the parties in the judgment, as well as the matter of the payment of the purchase money and interest; but as a new trial is not necessary for the correction of this error, the order denying it will be affirmed, but the case will be remanded, with directions to modify the order for judgment in accordance with the suggestions in this opinion.

(Opinion published 57 N. W. Rep. 63.)

Application for reargument denied December 13, 1893.

