W. M. EVANS v. PETER THOMPSON.[1]

May 8, 1903.

Nos. 13,142—(9).

**Deed—Mortgage.**
  Where an absolute deed is given for the purpose of securing a loan to be repaid at a future time, such conveyance is to be treated as a mortgage; and upon the failure of the security, which deprives the party who receives the conveyance of its benefit, without his fault, he may recover the money loaned, in an action for that purpose.

**Evidence.**
  Evidence in this case considered, and *held* that the findings of fact by the trial court to the effect that a certain deed was executed and delivered to plaintiff by a third party, at defendant's request, for the purpose of securing the repayment of $4,000, was intended by the parties as security for such loan, are sustained by the evidence, and that the conclusion of law that plaintiff is entitled to judgment for the amount of the loan is justified by the facts so found.

  Appeal by defendant from a judgment of the district court for Nobles county, entered pursuant to the findings and order of P. E. Brown, J. Affirmed.
  *Warner & Lawrence,* for appellant.
  *J. A. Town,* for respondent.

LOVELY, J.

  This was an action brought to recover $4,000 claimed to have been loaned defendant by plaintiff. The receipt of the money was admitted, but, by the allegations of the answer, it was substantially set forth that it was paid by plaintiff in purchase of the interest of defendant's son-in-law to a section of land in Rock county, and was not in any sense intended to be a loan. Plaintiff's right to recover was also contested upon the further issue that if the moneys received by the defendant were loaned, the lender had exacted a usurious rate of interest in consideration therefor. The cause was tried to the court, who made findings of fact and

[1] Reported in 94 N. W. 692.

ordered judgment for the plaintiff, which was duly entered. Defendant appeals.

The averments in the answer and reply are somewhat lengthy, but since the findings of the court embrace every relevant statement necessary, in our opinion, to the determination of the questions presented on this appeal, we do not deem it essential to refer to the pleadings further.

The material facts found by the court may be summarized as follows: On November 14, 1895, defendant was the equitable owner of a section of land in Rock county of the value of $16,000; the legal title being in a third party—one Fred Parker, son-in-law of defendant. The latter was in need of funds to meet pressing obligations, and had applied to the plaintiff for a loan of $4,000, representing that he was the owner of the land, which was free from incumbrances, except a mortgage to a trust company of $6,000, and a commission mortgage of $600. Plaintiff entered into an agreement with defendant to loan the latter the amount desired, to bear interest at ten per cent., upon condition that a deed should be obtained from Parker, conveying the title to plaintiff, as security for the repayment of the loan. Defendant agreed to pay the taxes, and the interest on the prior incumbrances. The parties were also to execute a lease of the land to defendant, to terminate March 1, 1897, and reconvey the same on or before that date upon the repayment of the $4,000, while defendant was to pay interest thereon, nominally as rent for the use of the land until the loan matured.

On the day first referred to, plaintiff delivered to defendant the sum so agreed upon as a loan, and to evidence the transaction the parties mutually executed a lease of the land, whereby the right of possession was given to defendant during the intervening time between the loan and the period when it became due. It was also agreed therein that plaintiff should sell the land to defendant on or before the day when the loan became due, upon the payment of the $4,000 and interest. During the month of December following the loan, defendant delivered to plaintiff a deed of warranty executed by Parker and wife, conveying the land in fee, but in fact intended to secure the repayment of the loan. Defendant

retained possession of the land under this arrangement until the fall of 1897, and paid interest to plaintiff until January 1, 1898. In September, 1893, a legal attachment was duly levied upon the land in an action pending in Nobles county, in which plaintiff, defendant Parker, and others, were defendants, for the sum of $35,000. At the time of making the loan of $4,000, neither plaintiff nor defendant had any knowledge of this levy. In February, 1897, an execution was issued on a judgment obtained in the Nobles county suit, and the lands were duly sold by the sheriff for the sum of $7,500, on which no redemption has ever been made, whereby the title of the whole tract has passed from the owner. It was further found that the allegations in the answer wherein it is charged that defendant agreed to pay, or that plaintiff accepted and received, interest in excess of legal rates, were untrue. As a conclusion of law, the court held that plaintiff was entitled to judgment, and that he recover from the defendant the sum of $5,132.43, with his costs and disbursements.

The important question to be disposed of in this review is upon the sufficiency of the evidence to support the findings of fact as above summarized. Counsel for defendant has submitted a thorough and exhaustive discussion of the evidence, under assignments that challenge in detail every fact which the court has determined against his client; but the issues, although examined at considerable length, so far as it is material to the disposition of this appeal, resolve themselves into a much narrower compass, for the rights of the parties must be disposed of upon the main contentions involved, viz., whether the $4,000 was a loan to defendant, or the purchase price of the land, and whether the deed, lease, and contract are to be treated as indicating an intention by the parties interested to secure the repayment of such loan at the time when it became due.

We have carefully examined the entire record, and have reached the conclusion that the findings of the court are supported by the evidence. That it was not unreasonable for the court to adopt the view that the section of land in controversy, but for the lien of the attachment, unknown to the parties, was undoubtedly worth $16,000 at the time it was deeded to defendant, and that

there was evidence tending to sustain the conclusion that the deed to plaintiff was made to secure the loan, and not intended to effect an absolute sale of the land to plaintiff for less than $6,000 of its real value. This result is supported by many circumstances in the transaction, as well as admissions in the pleadings; and under the rule which requires us to adopt the facts as determined by the trial court in such cases, when not palpably against the weight of evidence, it only remains to consider whether the facts found support the conclusion of law, wherein judgment was ordered for the amount claimed to be due. We are of the opinion that the deed given to the defendant, under the circumstances detailed in the findings, being intended to secure a loan to be repaid at a time designated, must be treated as a mortgage and that the loan was not extinguished by the giving of such conveyance until its payment, which conclusion finds ample support in the previous decisions of this court. Holton v. Meighen, 15 Minn. (50) 69; Jones v. Blake, 33 Minn. 362, 23 N. W. 538; Nye v. Swan, 49 Minn. 431, 52 N. W. 39; King v. McCarthy, 50 Minn. 222, 52 N. W. 648; Heaton v. Darling, 66 Minn. 262, 68 N. W. 1087.

We do not think it necessary to consider specifically any assignments of error not applicable to the questions above determined, since they are not well taken, or of any materiality to the decision of this appeal.

Judgment affirmed.