PIN SILVERMAN, *et ux. vs.* CHARLES L. SHATTUCK, *et al.*

JULY 8, 1911.

PRESENT: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1) *Equity. Tender. Interest. Mortgages.*

In equity except in cases where the existence or preservation of the right depends solely upon a payment or tender, the rule is, although not universal, that a tender is not necessary as a prerequisite to bringing suit for relief and in such cases a failure to make a tender before suit affects merely the right to interest and costs.

A note secured by mortgage carried interest at the rate of 2 per cent. per month, payable monthly in advance till the principal sum was paid, whether at or after maturity, all interest in arrears to bear interest at same rate till paid. On bill for an accounting by mortgagor, decree was entered permitting him to redeem by payment of the amount found due, with simple interest at 6 per cent. from the filing of the bill.

*Held*, that as there was no tender to stop the interest the mortgagee was entitled to interest at the rate provided in the note.

(2) *Costs. Equity.*

While the allowance of costs on final decree is in the discretion of the court costs which have been paid by a party as a condition of the reinstatement of the cause, should not be recovered back.

(3) *Mortgages. Technical Foreclosure. Power of Sale.*

Provision in a decree that upon failure of mortgagor to redeem within the time limited, mortgagee should be at liberty "to foreclose the mortgage," does not limit him to a technical foreclosure by suit in equity, but may be regarded as equivalent to the words, "liberty to sell under the power of sale in the mortgage."

BILL IN EQUITY for accounting and other relief. Heard on appeal of respondents and sustained.

JOHNSON, J. This is a bill in equity brought by Pin Silverman and wife, mortgagors, against the mortgagee and Herbert D. Goff the holder of the mortgage, for an accounting to ascertain the amount due on the mortgage and for an injunction to restrain its foreclosure pending the accounting.

On April 5, 1905, the complainants borrowed the sum of $300.00 from the respondent Shattuck and gave him their

note therefor secured by the mortgage described in the first paragraph of the bill. The note was for one year and carried interest at the rate of 2% per month, payable monthly in advance till said principal sum was paid whether at or after maturity and provided that all interest in arrears should bear interest at the rate aforesaid till paid.

The bill contained the following allegation:

"2.   That these complainants have paid all interest due upon said note in accordance with the tenor thereof and have paid a large amount upon the principal thereof and have offered and tendered to the respondents the full balance due upon said mortgage note.

"But the respondents dispute the amount so paid as aforesaid and claim from these complainants a very much larger sum than the amount due and refuse to accept the amount tendered in payment of said mortgage."

On May 18, 1906, the respondent Goff made another loan, and it was in dispute whether the loan was made to Pin Silverman or to his son Benjamin Silverman. In June, 1907, he made a further loan to Pin Silverman.

The case was referred to a master who found on *ex parte* hearing, the complainants not appearing, that there was $432 due on the mortgage on April 5, 1909.

A decree was thereafter entered. The complainants moved to have said decree set aside and their motion was granted and the cause reinstated upon the payment by the complainants of the costs of the first reference to the master. The cause was then again referred to the same master, and the complainants appeared. After hearing, the master found that at the time of the filing of the bill there was $218.30 of principal and interest due on the mortgage. A final decree was entered, "that the complainant may redeem from said mortgage by within 50 days from the date of entry hereof paying to the respondent said sum of $218.30, with simple interest thereon at 6% per annum from said 24th day of April, 1909, to the day of redemption; and the respondent holder of said mortgage is hereby required to

release and discharge, or transfer and assign said mortgage, as said mortgagor shall request, at the time of making said payment; and at the same time he shall surrender the note to secure which said mortgage was given; and thereafterwards both of said respondents, their heirs, executors, administrators and assigns shall be forever enjoined from setting up any right, title or claim under said mortgage, or from attempting in any manner to foreclose or enforce the same; and if the complainants or either of them shall refuse or neglect to make said payment within said 50 days the respondents shall be at liberty to foreclose the mortgage, and all restraining orders heretofore entered shall thereupon be dissolved and vacated; and if the complainants or either of them shall redeem hereunder they or the one so redeeming shall be at liberty to deduct from the sum to be paid as above determined an amount to the costs to be taxed by the clerk."

From said decree the respondent Goff appealed for the following reasons:

1. That it was error in said decree upon the part of the court to allow only simple interest, from the time of the filing of the bill, upon the amount found due upon the mortgage note mentioned in the bill, when the note itself provided that interest should be paid at the rate of two per cent. per month until the principal thereof was paid in full, and that all installments of interest in arrears thereon should bear interest at said rate of two per cent. per month, until paid.

2. That it was error in said decree, upon the part of the court, to allow the respondent Goff, in case the complainants neglected to pay him the amount due upon said mortgage note within the fifty days provided in said decree, only "liberty to foreclose" the mortgage mentioned in the bill, such "liberty to foreclose" not being applicable to the said mortgage.

3. That it was error upon the part of the court to provide in said decree that the complainants might deduct from

the amount of money to be paid by them on said mortgage note, the costs in said cause, to be taxed by the clerk, a part of such costs having been paid by the complainants and a part by the respondent Goff, and a part of such costs having been paid by the complainants as a condition of setting aside the first report of the master on account of the failure of the complainants to appear before him and testify.

The complainants claim that the allegation in the bill "2" quoted *supra* constitutes an equitable tender.

The rule as to tenders in equity is stated in Hunt on Tender, § 26, as follows: "In equity the court has the power to award such judgment as the facts may show the plaintiff entitled to and to fully protect the rights of the other party by granting relief conditionally upon the performance by plaintiff of that which he was by the contract bound to do, and to save the party who was not put in default harmless from costs. Except in cases where the existence or preservation of the right depends solely upon a payment or tender, the rule is, although not universal, that in equity a tender is not necessary as a prerequisite to bringing suit for relief, and in such cases, a failure to make a tender before suit affects merely the right to interest and costs." *Minneapolis etc. Ry. Co.* v. *Chisholm*, 55 Minn. 374; *Ashurst* v. *Peck*, 14 So. (Ala.) 541; *Lewis* v. *Prendergast*, 39 Minn. 301; *Freeson* v. *Bissell*, 63 N. Y. 168; *Stevenson* v. *Maxwell*, 2 N. Y. 408. "However, if the defendant subsequently denies plaintiff's right to the relief to which he is entitled, the question of a failure to make a tender, as bearing upon the right of the plaintiff to costs, becomes immaterial." Hunt on Tender, § 26; *Martin* v. *Bank of Fayetteville*, 42 S. E. (N. C.) 558.

(1)   The court allowed interest to the respondents, but at the rate of six per centum per annum. As there was no tender to stop the interest, we are of the opinion that the respondents were entitled to interest at the rate provided in (2) the mortgage note. The allowance of costs was in the discretion of the court. Such costs, however, should have been

clearly limited to the second hearing, before the master, as the costs of the first hearing were paid by the complainants as a condition of the reinstatement of the cause, and should not be recovered back.

(3)    In regard to the second reason of appeal, we think the words "shall be at liberty to foreclose the mortgage," as used in said decree, need not be regarded as giving liberty only for a technical foreclosure by suit in equity, but may well be regarded as equivalent to the words "shall be at liberty to sell under the power of sale contained in the mortgage," such sale under the power being very generally called a foreclosure in this state.

The appeal is sustained as to the interest and costs allowed.    The decree of the Superior Court will be modified in those respects.    A decree may be presented forthwith in accordance with this opinion for the approval of this court.

*Comstock & Canning, Patrick P. Curran,* for complainants.
*William A. Morgan,* for respondent Goff.