## FRANK L. KEMPF v. JOSEPH T. RANGER.[1]

January 14, 1916.

Nos. 19,507—(152).

**Rescission of contract — evidence.**

1. In an action to rescind a contract for fraud, any representations made prior to the making of the contract may be considered. This is true, even though an earlier contract was entered into between the parties embodying similar terms, if such earlier contract was repudiated and abandoned.

**Same — cost of building — opinion evidence.**

2. A representation as to "cost" of a building is a representation as to the original cost of production. Such cost may be proved by the opinion of witnesses familiar with the cost of such structures.

**Same — question whether representations would deceive plaintiff.**

3. In action for relief on the ground of fraud, the question is not whether the representations would deceive the average man. It is a question whether they were of such a character and were made under such circumstances that they were reasonably calculated to deceive the plaintiff, and the diligence and prudence that is required of the plaintiff is not necessarily such as an ordinarily prudent person would exercise, but such as may reasonably be expected of a person of the intelligence and character of the person seeking the relief.

Action in the district court for Hennepin county to rescind the contract mentioned in the opinion and to recover $3,000. The case was

[1] Reported in 155 N. W. 1059.

---

Note.—For false representations by vendor as to costs as fraud, see note in 35 L.R.A.(N.S.) 177.

As to right to rely on representations made to effect contract as basis for charge of fraud, see note in 37 L.R.A. 593.

tried before Molyneaux, J., and a jury which returned a verdict in favor of defendant. From an order denying his motion for a new trial, plaintiff appealed. Reversed and new trial granted.

*Edson S. Gaylord, John N. Berg* and *George D. Kelly,* for appellant.

*Simon Meyers,* for respondent.

HALLAM, J.

On April 8, 1914, defendant sold to plaintiff a building used as a garage, a leasehold interest in the land upon which it was situated, and machinery and personal property situated in the building. The consideration was $7,500. On April 15 plaintiff, claiming that he had been defrauded in the sale, undertook to rescind the contract, and later brought this action to recover what he had paid. The jury found for defendant. Plaintiff appeals. He assigns a large number of errors. Many of them we may pass over without comment, but some errors assigned appear to us to necessitate a new trial.

1. These parties entered into a contract for the sale of this same property March 26, 1914. Some money was paid and an earnest money receipt was given. Plaintiff repudiated this contract and it was later abandoned. On April 8 they met again. On that day they went to an attorney to have another contract prepared. This attorney testified that when they came to him they were "at sea." After more than five hours they finally concluded a contract which was signed. This contract and the date of its making are admitted. Upon this contract both parties rely and predicate their rights. The court instructed the jury as follows:

"If the jury find from the evidence that a valid and binding contract was made between plaintiff and defendant on the twenty-sixth day of March, 1914, * * * for the purchase of the property in question by plaintiff, and its sale by defendant, then any representations made by defendant after such date would be and are immaterial, and would not be the basis of any charge of fraud in the transaction."

This was erroneous. Any representations made prior to the making of the contract of April 8 were proper to be considered. True, the two contracts are alike in many respects. Their similarity is important as bearing on the question whether plaintiff relied on representations made between the time of making the first and the second contracts, but rep-

resentations made at any time before the making of the contract on which the parties acted were proper to be considered. This error is important, since there is an issue as to whether certain of the representations were made before or after March 26.

2. As part of the plaintiff's case a written statement was produced in which it was stated that the "building and machinery cost $9,500." Plaintiff claims that this statement was shown to him by the agent of defendant as an inducement to the purchase. He further claimed that defendant verbally represented that the building cost $8,600, and the machinery and equipment $1,000. It is claimed these representations were false, and upon these representations plaintiff in part relies. Defendant did not build the building, nor did he equip it. The building was built in 1906. Defendant bought it already equipped.

We have no doubt the expression "building and machinery cost $9,500" meant that that was the original cost of constructing the building and installing the machinery, and not the amount defendant paid for the property. We think the language would generally be so understood.

Plaintiff claimed the cost was much less and he produced witnesses expert in the building line to prove that the cost of such a building in 1906 would not exceed $3,900. This evidence was rejected. Its rejection was error. When the cost of an article is material, opinion evidence of one familiar with the cost of such articles is competent on the question of cost. The authorities quite generally sustain this position. Hills v. Home Ins. Co. 129 Mass. 345; Tebbetts v. Haskins, 16 Me. 283; Simmons v. Carrier, 68 Mo. 416; Joske Bros. v. Pleasants, 15 Tex. Civ. App. 433, 39 S. W. 586; 3 Chamberlayne, Ev. § 2175c. Defendant contends plaintiff should have produced the original builder or some one who had personal knowledge of the first cost. Such evidence would naturally be the most direct and satisfactory, but it is matter of common knowledge that the cost of a building may be estimated with reasonable certainty. This is all that is required.

3. The court instructed the jury as follows:

"A false representation is not actionable and could not form the basis for the rescission of the contract in this case, if it was made under such circumstances and in relation to a matter that a person of ordinary reasonable prudence would not have relied upon it."

As an abstract proposition the instruction was wrong, though it may be said at the outset that, if this plaintiff is in fact a man of average intelligence and capacity, then, as applied to the facts of this case, the instruction was probably not prejudicial. Kaiser v. Nummerdor, 120 Wis. 234, 97 N. W. 932.

Some expressions are found in the books as broad as that stated in the charge. Grier v. Puterbaugh, 108 Ill. 602; Gee v. Moss, 68 Iowa, 318, 27 N. W. 268; Wheeler v. Robinson, 86 Hun, 561, 33 N. Y. Supp. 921. But the rule thus broadly stated is not the law of this state. It is true that "equity does not tolerate negligence or encourage careless-ness, and will only exercise its powers in behalf of the diligent." Brooks v. Hamilton, 15 Minn. 10, 16, (26, 33). A person seeking relief on the ground of fraud must pay attention to those things that are within the reach of his observation, and not close his eyes to patent facts. Farr v. Peterson, 91 Wis. 182, 64 N. W. 863. It has been stated in general terms in decisions of this court that, in order to obtain relief on the ground of fraud, the plaintiff must use "reasonable diligence" (Morrill v. Madden, 35 Minn. 493, 29 N. W. 193) ; that he must have been "acting with reasonable prudence" (Busterud v. Farrington, 36 Minn. 320, 31 N. W. 360), and that he must be "reasonably free from negligence" (Minneapolis, St. P. & S. Ste. M. Ry. Co. v. Chisholm, 55 Minn. 374, 57 N. W. 63), and relief has been denied for failure of diligence and prudence on the part of plaintiff. Morrill v. Madden, 35 Minn. 493, 29 N. W. 193; Minneapolis, St. P. & S. Ste. M. Ry. Co. v. Chisholm, 55 Minn. 374, 57 N. W. 63.

On the other hand, it has been specifically held in a number of cases in this state that one who intentionally deceives another to his prejudice ought not to be heard to say in defense that the other party was negligent in taking him at his word. C. Aultman & Co. v. Olson, 34 Minn. 450, 453, 26 N. W. 451; Maxfield v. Schwartz, 45 Minn. 150, 47 N. W. 448, 10 L.R.A. 606; Erickson v. Fisher, 51 Minn. 300, 53 N. W. 638. See also Eaton v. Winnie, 20 Mich. 156, 4 Am. Rep. 377; Fargo Gas & Coke Co. v. Fargo Gas & Elec. Co. 4 N. D. 219, 59 N. W. 1066, 37 L.R.A. 593. Clear it is that the ordinarily prudent man is not the only per-son who can come into a court of equity and ask relief on the ground of fraud. Maxfield v. Schwartz, 45 Minn. 150, 47 N. W. 448, 10

L.R.A. 606; Erickson v. Fisher, 51 Minn. 300, 53 N. W. 638; Chamberlin v. Fuller, 59 Vt. 247, 9 Atl. 832. Indeed there is more occasion to extend the protection of the court to those who are not capable of exercising the care that a man of average prudence would use. It is as much an actionable wrong to deceive the ignorant, the incompetent, the confiding, the gullible and the credulous with an improbable falsehood, as it is to deceive the average man with a plausible one. Barndt v. Frederick, 78 Wis. 1, 47 N. W. 6, 11 L.R.A. 199. The question is not whether the representations would deceive the average man. It is a question whether they were of such a character and were made under such circumstances that they were reasonably calculated to deceive the plaintiff (20 Cyc. 126; Ingalls v. Miller, 121 Ind. 188, 22 N. E. 995; Kaiser v. Nummerdor, 120 Wis. 234, 97 N. W. 932); and the diligence and prudence that is required is such as may reasonably be expected of a person of the intelligence and capacity of the person seeking the relief. If the representations were so incredible that ordinary people would not believe them, that is a proper consideration for the jury in determining whether the plaintiff believed and relied upon them; but it does not relieve the defendant from liability for his fraud if he committed fraud. Barndt v. Frederick, 78 Wis. 1, 11, 47 N. W. 6, 11 L.R.A. 199.

Exception is taken to an instruction as to liability of a party for innocent misrepresentations. The law on this subject will be found fully discussed in Martin v. Hill, 41 Minn. 337, 43 N. W. 337; Pennington v. Roberge, 122 Minn. 295, 142 N. W. 710, and Drake v. Fairmont D. T. & B. Co. 129 Minn. 145, 151 N. W. 914.

Order reversed and new trial granted.