The GEORGIA LAND AND COTTON COMPANY, plaintiffs in error, vs. THOMAS J. FLINT, defendant in error.

In this case, the award was correct, whether the contract for stipulated damages made a case of penalty or not, as the *actual* damage proven was as much as the sum awarded.

Award.   In Dougherty Superior Court.   Decision by Judge COLE.   June, 1866.

On the 3d day of January, 1866, Thomas Flint, of the one part, and P. H. Oliver, as agent of the Land & Cotton Company, limited to be chartered, of Manchester, England, made an agreement in terms as follows :

Flint had purchased, at different sales of Moughon's estate, 1,250 acres of land, in Second District of Lee county, known as the Lee place, for $12.50 per acre; also other places, mules, corn, fodder, pork, hogs, plantation tools, etc.

Oliver became the purchaser of all this property of Flint, agreeing to pay him in cash, within ten days after the date of the agreement, $3.750, as a profit on the land, and to become responsible to Moughon's administrators in Flint's stead.

Both parties agreed upon $4.000, as stipulated damages

to be paid by the party failing to comply with the agreement.

The $3.750 profits were not paid at the time agreed upon, and Flint claimed the stipulated damages. They referred the controversy to the sole arbitrament and award of William E. Smith. The submission is substantially as follows:

"We agree to submit, under the laws of this State, the following questions for arbitration, to-wit: Whether said contract was fully complied with by the parties, and what are the damages due upon the failure of either party to said contract, by law, under the terms and stipulations in said written contract."

The evidence given in on the trial, consisted of the written agreement and the following agreed facts.

On the 23d of January, 1866, the principals went with Mr. Flint to the administrators of Thomas Moughon, and adopted the contract of their agent; gave notes and mortgages for the credit payment for the land, after taking title therefor, and gave Flint a draft on I. C. Plant, at Macon, at sight, for $3.750, the profit contracted for. The defendants, also, gave Flint a sight draft on Plant for $16.308, making an aggregate of $20.058. Five thousand dollars of these drafts, transferred by Flint to parties in Albany, were paid by defendant. The balance were presented to Mr. Plant, and not paid, because by mistake of Oliver, agent, no funds had been furnished for that purpose.

Flint did not get the money on these drafts until the 4th of March, 1866, and then it was agreed that receiving it at that time should not be regarded as a waiver of his right to damages under the contract.

During the time Flint was kept out of his money, money was very scarce and high at Macon—as high as five per cent. per month. Flint proved by his own oath that he was damaged over four thousand dollars, in his business and loss of trades which he had to give up by the disappointment; that he told Oliver when the trade was made that time was material, to which Oliver assented.

It was stated by the draftsman of the contract, that the parties agreed that as the country was in an unsettled state, and the price of property very fluctuating at the time of the trade, the written contract should stipulate the amount of the damages, and the draftsman was so instructed, and so endeavored to draw it.

The arbitrator found for the plaintiff $4.000

On a motion in the Superior Court to make the award the judgment of the Court, plaintiffs in error objected, on the ground that it was founded on a mistake of the law and the facts of the case. The motion was granted, and plaintiffs in error excepted.

VASON & DAVIS for plaintiffs in error.

WRIGHT & WARREN, for defendant in error.

LUMPKIN, C. J.

Without deciding whether the condition of the agreement was, in fact, stipulated damages or a penalty, there is one view of this case decisive upon the question. Mr. Flint was sworn on the arbitration, and testified that his damages were more than $4.000, for want of punctuality on the part of Oliver to settle; and there was no contradictory evidence to rebut this proof. So, whether we consider this as strictly a case of stipulated damages, or only a forfeiture, the result is the same, as the actual damage is proven to have exceeded this sum.

The judgment, must therefore, be affirmed.