## A. H. PAGET *vs.* LILLIAN BARTON *et al.*

Argued Oct. 17, 1894. Affirmed Oct. 19, 1894.

No. 8941.

·Complaint sufficient.

*Held,* in this case, that the allegations in the complaint are sufficient.

Appeal by defendants, Lillian Barton, and Humphrey Barton, her husband, from an order of the District Court of Ramsey County, *Hascal R. Brill,* J., made January 18, 1894, overruling their demurrer to the complaint.

The plaintiff, A. H. Paget, on May 21, 1892, made an agreement in writing with the defendant, Lillian Barton, to convey to her lot .thirteen (13) in block twenty (20) in MacKubin & Marshall's Addition to St. Paul for $4,000. She was to pay this by assuming a mortgage thereon for $2,000 and paying $800 within twenty days, .$200 on May 21, 1893, and $200 at the end of each six months there-.after until all should be paid. She was to have possession at once .and when paid in full he was to give her a warranty deed subject to the mortgage. She paid the $800 but failed to pay the $200 falling due on May 21, 1893. He brought this action soon after, stating these facts. He asked judgment that an early day be fixed for the payment of the entire $1,200 owing him and on default of payment that the contract be cancelled and that he be restored to the possession and that she and her husband and all others claiming under them be barred and foreclosed of all right and claim to the lot. Defendants demurred. The demurrer was overruled and they appeal.

*Edmund S. Durment,* and *Humphrey Barton,* for appellants.

If plaintiff has a right to call for the entire purchase price now ·remaining unpaid and to insist on payment at once the complaint is insufficient in that it does not offer to give the deed. In other words, his election makes the mutual promises of the parties to the .contract dependent. In such case he would be required to allege his ability and willingness to perform on his part.

If he has rescinded and asks to have the contract cancelled equity will grant relief only on his doing equity. He should have tendered a return of the purchase money already paid. *Bacon* v. *Cottrell,* 13 Minn. 194; *Wilder* v. *Haughey,* 21 Minn. 101; *Fitzhugh* v. *Maxwell,* 34 Mich. 138; *Tullis* v. *Fridley,* 9 Minn. 79.

*James H. Foote,* for respondent.

The defendants not having paid the purchase price and not being in a position to demand a deed, it was not necessary or proper for plaintiff to aver his readiness or ability to convey.

One who willfully refuses to fulfill the terms of a contract of this sort cannot recover what he has already paid without showing that the default was due to some act or default of the vendor. *Dahl* v. *Pross,* 6 Minn. 89; *Wheeler* v. *Mather,* 56 Ill. 241; *Estes* v. *Browning,* 11 Tex. 237.

BUCK, J. This is an action brought upon a contract for the sale of real estate,—the plaintiff, who was the owner of the land, claiming that there was a default in the payment of the sum of $200 purchase money; asked that the court ascertain the amount due and unpaid, and that an early day be fixed when the amount should be paid, and that in default of payment the contract be declared null and void and forfeited, and that plaintiff have restitution of the premises. The defendants interposed a demurrer to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The court below overruled the demurrer, and defendants appealed. There is no merit in the appeal. The complaint is clearly sufficient, and the order of the court below overruling the demurrer is affirmed.

(Opinion published 60 N. W. 342.)