### J. L. BLUNT v. WILLIAM EGELAND and Others.[1]

May 29, 1908.

Nos. 15,638—(79).

**Breach of Contract—Pleading.**

The complaint in an action to recover damages for the breach of a contract for the sale of land *held* sufficient as against a general demurrer.

**Same—Unnecessary Allegation.**

The plaintiff in such action need not affirmatively allege a tender of performance on his part, where the first act of performance is by the terms of the agreement cast upon defendant.

**Same—Refusal to Perform.**

In such case the allegation in the complaint that the defendant has refused to perform is sufficient to show a right of action for a breach of the contract.

**Stipulated Damages—Penalty.**

Plaintiff is entitled to recover prima facie the damages expressly stipulated in the contract, unless it shall appear, after issue joined or upon trial, that they are largely in excess of the actual injury suffered by him, in which event the stipulated damages should be treated as a penalty, and plaintiff limited in his recovery to his actual loss.

Action in the district court for Ramsey county to recover $6,800 damages for the breach of a certain contract. From an order, Kelly, J., overruling the separate demurrers of defendants to the complaint, they appealed. Affirmed.

*Thomas Kneeland,* for appellants.

*Thos. J. McDermott* and *G. S. Ives,* for respondent.

BROWN, J.

Appeal from an order overruling a general demurrer to plaintiff's complaint. The complaint alleges, in substance and effect, that on December 11, 1906, the parties to the action entered into an executory contract, a copy of which is attached to and made a part of the pleading, by which plaintiff sold and agreed to convey to defendants certain lands situated in the state of North Dakota for the agreed purchase

[1] Reported in 116 N. W. 653.

price of ten dollars per acre, payable six hundred dollars in cash on or before July 1, 1907, and the balance secured by first mortgage upon the lands due five years thereafter. It further alleges that plaintiff has at all times been ready, willing, and able to carry out and perform the contract, but that defendants had refused and neglected to perform the same, though often requested so to do by plaintiff. It also alleges that by the terms of the contract it was agreed between the parties that, in the event defendants failed or refused to perform the same in accordance with its terms and on or before July 1, 1907, they would pay plaintiff as liquidated damages the sum of six hundred dollars for each quarter section involved in the transaction— a total of eleven quarter sections. The demand for judgment is that plaintiff have and recover the liquidated damages agreed upon by the terms of the contract. The action was commenced in August, 1907, subsequent to the date set for the performance of the contract.

Three objections are made to the sufficiency of the complaint: (1) That it contains no allegation of tender of performance by plaintiff before the commencement of the action; (2) that it contains no sufficient allegation of a refusal by defendants to perform; and (3) that the stipulated damages are so large and excessive that they cannot be construed otherwise than as a penalty, hence not recoverable, and, since the complaint contains no allegations of special damages, it fails to show a right to recover any damages at all. We are of opinion, and so hold, that as against the demurrer the complaint, though somewhat indefinite and uncertain, is not fatally defective in any of the respects pointed out by defendants. Spottswood v. Herrick, 22 Minn. 548; Casey v. American Bridge Co., 95 Minn. 11, 103 N. W. 623, 624.

1. In actions between vendor and purchaser for the specific performance of a contract for the sale of land, a tender of performance by the party bringing the action may or may not be necessary to entitle him to maintain his suit, depending upon the nature and terms of the contract and the nature of the refusal of defendant of which plaintiff complains. Wyvell v. Jones, 37 Minn. 68, 33 N. W. 43; Lewis v. Prendergast, 39 Minn. 301, 39 N. W. 802; Sennett v. Shehan, 27 Minn. 328, 7 N. W. 266; Minneapolis, St. P. & S. Ste. M. Ry. Co. v. Chisholm, 55 Minn. 374, 57 N. W. 63; Paget v. Barton, 58 Minn. 510, 60 N. W. 342; Donovan v. Judson (Cal.) 6 L. R. A. 591, and note.

Generally speaking, where the stipulations of the contract are concurrent and dependent, a tender of performance before suit is necessary. The same rule applies to actions for damages for the breach of the contract (Lewis v. Prendergast, supra), except in those cases where there has been an unqualified refusal by one of the parties, either before or after the time of performance is due, in which event no tender is essential to the right of action by the other (Matteson v. U. S. & C. Land Co., 103 Minn. 407, 115 N. W. 195). Where an unqualified refusal is alleged, the readiness of the complaining party is all that is necessary to entitle him to maintain the action; and in those cases where the time of performance is past an allegation of the failure and refusal by defendant to perform, the first act of performance being by the terms of the contract cast upon him, sufficiently states a right of action. His refusal to perform where he is required to take the initiative renders an offer on the part of his adversary unnecessary. Such is the case at bar.

Plaintiff agreed by the terms of the contract to sell and convey to defendants certain land upon the payment of six hundred dollars in cash and security for the balance of the purchase price. Fairly construed, the contract contemplated the first act of performance from defendants. They were to come forward on or before the date stated therein and make payment and demand a conveyance, and until they did so plaintiff was under no obligation to take any action whatever, save to be ready and able to comply with his part of the agreement. In this view, and it is entirely consistent with the intention of the parties as disclosed by the written agreement, no tender of a deed was necessary to put defendants in default, and the allegation that defendants have refused to perform entitled plaintiff to his action for the breach.

2. The complaint distinctly alleges that defendants have failed, neglected, and refused to perform the contract, and is sufficient in this respect. Matteson v. U. S. & C. Land Co., supra.

3. The further contention that the damages stipulated by the contract should be treated as a penalty, and hence not recoverable, and, further, that inasmuch as the complaint alleges no general or special damages the plaintiff cannot recover, is not well taken. Whether the damages stipulated by the terms of the contract should be treated as

penalty can only be determined when issues are framed and the situation and surroundings of the parties are disclosed. The matter will adjust itself, either when defendants answer or upon the trial, when the court is called upon to pass upon the question. Of course, if the damages stipulated are out of all proportion to the actual injury suffered by plaintiff, the stipulation should be treated as a penalty, and plaintiff limited to the recovery of actual loss. Taylor v. Times Newspaper Co., 83 Minn. 523, 527, 86 N. W. 760, 85 Am. St. 473. But upon the face of the complaint plaintiff is entitled prima facie to recover the amount stipulated by the contract. We cannot declare as a matter of law that the damages are so excessive as to justify the conclusion that the stipulation should be treated as a penalty. Howard v. Adkins, 167 Ind. 184, 78 N. E. 665.

Order affirmed.