## JAMES L. BLUNT v. WILLIAM EGELAND and Others.[1]

March 10, 1911.

Nos. 16,795—(73).

**Breach of contract — evidence — verdict.**

> In an action to recover damages for the breach of an executory contract for the purchase of land, it is *held* that the evidence sustains the verdict, that the damages are not excessive, and that no reversible errors were committed upon the trial.

[1]Reported in 130 N. W. 249.

114 M.—8.

Action in the district court for Ramsey county to recover $6,800 for alleged breach of contract to buy certain land. The action as to defendants Egeland and Gross was dismissed by plaintiff. The answer of defendant Green alleged that the land in North Dakota was worth ten dollars per acre, and alleged that plaintiff sold the land described for $10.50 per acre and notified defendant of such sale, and that at the request of plaintiff defendants Egeland and Gross effected an exchange and sale of 1760 acres of the land for a flour mill in Iowa and the sum of $5,000 in cash, and agreed to dismiss defendants Egeland and Gross from their obligation under said contract, in consequence of which defendant was released pro tanto. The reply to this answer admitted the exchange, but specifically denied that plaintiff agreed to dismiss the action as to any of the defendants. The case was tried before Kelly, J., and a jury which rendered a verdict in favor of plaintiff for $2,532.78. From an order denying the motion of Green for a new trial or for judgment notwithstanding the verdict, he appealed. Affirmed.

*Thomas Kneeland,* for appellant.

*Morton Barrows* and *Arthur A. Stewart,* for respondent.

BROWN, J.

Plaintiff was the owner of certain land situated in the state of Wisconsin. On December 11, 1906, as the result of negotiations had with defendants, he entered into a contract for the sale thereof to the Northern Blue Grass Land Company, in consideration of the conveyance to him of certain land in the state of North Dakota, consisting of eleven quarter sections, owned or controlled by that company. As a part of the same transaction, but by a separate written agreement, plaintiff and defendants entered into a contract by which plaintiff sold and agreed to convey to defendants the North Dakota land at the agreed purchase price of $10 per acre—$600 for each quarter section, as an advance payment, and the balance payable a stated time in the future, with interest. The contract further provided that if defendants should fail to perform their part of the contract, by the payment of the first instalment of the purchase price, and the execution of a mortgage upon the land as security for the

remainder, on or before July 1, 1907, they would pay to plaintiff as liquidated damages the sum of $600 for each quarter section of land involved in the transaction. The first contract was subsequently modifed by including in the lands to be conveyed by plaintiff to the Blue Grass Company certain town lots, and this was expressed by a written supplemental agreement.

Plaintiff performed the contract by conveying the Wisconsin land to the Blue Grass Company, and that company in turn conveyed to him the North Dakota land. Defendants, however, failed and refused to perform the contract for the purchase from plaintiff of the North Dakota land, and plaintiff brought this action to recover therefor. Defendants Egeland and Gross answered separately; but a statement of their defense is not important, for the action was dismissed as to them in the court below on plaintiff's motion, and proceeded to trial as against defendant Green alone. A verdict was returned for plaintiff for $2,532.78, and defendant Green appealed from an order denying his alternative motion for judgment notwithstanding the verdict or a new trial.

1. Defendant's first contention is that the damages awarded by the jury are excessive and not supported by the evidence.

The question in litigation upon this branch of the case was the value of the North Dakota land. It was taken by plaintiff, in consummation of the transaction with the Blue Grass Company, at $10 per acre, and, if in fact it was worth that amount at the time fixed for the performance of defendants' purchase contract, plaintiff suffered no damage; for it is not questioned that the land was conveyed to him, and at the time stated he had the title thereto. But, if not of that value, then plaintiff suffered damage to the extent the actual value was less than the agreed selling price to defendants. The evidence upon this question is conflicting. The defendant produced a preponderance of witnesses who gave to the land a value of from $10 to $12 per acre; whereas plaintiff's testimony was to the effect that it was worth no more than $7 per acre. We have read the evidence, and considered the argument of counsel, and discover no sufficient reason for interfering with the verdict. The trial judge heard and observed the witnesses, and his approval of the ver-

dict removes any doubt thrown upon the question from a reading of the record.

2. Complaint is made of the ruling of the court admitting in evidence the contracts between plaintiff and the Blue Grass Company for the exchange of the lands; it being insisted that they were wholly irrelevant to any issue in the case. In this we do not concur.

All these contracts were entered into at the same time and as a part of one transaction. The action was brought to recover the amount stipulated in the contract here involved, and the question arose whether the amount so agreed upon for defendants' failure of performance was not so out of proportion to the actual damage suffered by plaintiff as to constitute a penalty, and not enforceable. This question was presented by a demurrer to the complaint, and was considered on a former appeal of the case. 104 Minn. 351, 116 N. W. 653. In disposing of the question on the trial, it became necessary to inquire into the whole transaction, including the value of the property parted with by plaintiff, and the value of the North Dakota land, and all the facts bearing upon the merits of the question. As an aid in its determination, the evidence referred to was properly received. And it in fact resulted beneficially to defendant.

The liquidated damages agreed upon amounted to $6,600. The court held the stipulation to pay the same a penalty, and not enforceable, and instructed the jury that plaintiff could recover his actual loss only. This the jury assessed at $2,532.78, about one-third of the amount agreed to be paid. There was, therefore, no error in the admission of the evidence referred to.

3. Defendant pleaded in defense that after July 1, 1907, the date fixed for the completion of the sale of the Dakota land to defendants, plaintiff, through efforts of Egeland and Gross, sold the Dakota land to one Martens, and received in payment therefor $5,000 in cash and a conveyance of certain mill property located at Hornick, in the state of Iowa; that as a part of that transaction plaintiff agreed to and did release defendants Egeland and Gross from further liability under the contract in question, which release operated pro tanto as a discharge of defendant Green. This sale was admitted, but the release of Egeland and Gross denied. On the trial, evidence

of the transaction was offered; the plaintiff contending that his agreement to release defendants Egeland and Gross was conditional upon the mill property being sold for $10,000. Upon this branch of the case plaintiff was permitted, over defendant's objection, to describe the mill property, and to testify what it sold for. We discover no reversible error in the rulings of the court upon this subject.

The issue of release was presented by defendant, and plaintiff had the right to have submitted to the jury his theory of that contract. While evidence of what property at a particular time sold for is not ordinarily competent proof of its value, the rule has no particular application to this case. Here plaintiff insisted that his agreement to release depended upon the mill property bringing at a sale thereof $10,000, and not upon the question whether it was in fact of that value.

4. It is also claimed that the court below erred in not directing a verdict for defendant; the contention being based upon the grounds: (1) That defendants were all released by a contract for the sale of the Dakota land by plaintiff to one Wright, entered into prior to July 1, 1907; and (2) because the complaint contains no allegations of actual damages. Neither of these points can be sustained. Defendants' contract to purchase the land was absolute and unconditional, and the procurement by them of the Wright contract, in no proper view of the legal rights of the parties, released them from further obligations under their contract. The Wright contract was an executory agreement, but was never carried beyond the formative period, and was subsequently abandoned, though a preliminary payment of $200 was made thereon by Wright. However, it is clear, since the defendants' contract contained no agreement for their release upon the production of some other purchaser in their stead, that the point is not well taken.

The complaint sufficiently alleged plaintiff's damages. Though the primary object of the action was to recover the stipulated damages, plaintiff had the right, under the pleadings, upon the court's ruling that the stipulation imposed a penalty, and was not therefore enforceable, to go to the jury upon the question of his actual loss.

Order affirmed.