[No. 10886. Department Two. March 3, 1913.]

JACKSON ESTATE, *Respondent*, v. HENDRICK SUYDAM *et al.*, *Appellants.*[1]

INDEMNITY—BONDS—ACTIONS—LIABILITY—LIQUIDATED DAMAGES OR PENALTY. Where a landlord, who was secured by bond, was damaged in an amount exceeding the sum secured by the bond, by reason of the lessee's default, he is entitled to judgment in an action on the bond, whether for liquidated damages as specified in the bond, or by way of penalty.

Appeal from a judgment of the superior court for King county, Main, J., entered July 5, 1912, upon findings in favor of the plaintiff, in an action on a bond of indemnity. Affirmed.

*Reed & Hardman*, for appellants.

*Robert F. Booth*, for respondent.

MORRIS, J.—On May 11, 1910, respondent leased to appellant Suydam an apartment house in Seattle, known as the Belgravia, for a term of five years, at a monthly rent of $1,250. On the same day, Suydam and the other appellants

[1]Reported in 130 Pac. 360.

executed and delivered to respondent a bond, conditioned for the faithful performance of the lease, and providing: "In the event the said Hendrick Suydam shall fail to faithfully carry out all the terms of said lease, the said lessor may collect the full sum of six thousand two hundred and fifty ($6,250) dollars herein agreed to be paid, said sum being hereby agreed upon as liquidated damages." Subsequently default having been made in the terms of the lease, respondent brought this action upon the bond, alleging damages in the sum of $10,000, and demanding judgment against appellants for the sum nominated in the bond. From the judgment so entered, this appeal is taken.

The only question presented on the appeal is whether the $6,250 shall be held to be liquidated damages, as stated in the bond, or as a penalty. It does not seem to us it is necessary to determine that question, or that, in the light of the findings, such a determination is decisive of this appeal. The court below found that respondent had been damaged, by reason of the failure of Suydam or his assignee to carry out the terms of the lease, in excess of $7,000, because of a depreciation in the rental value of the premises. This being found and the finding being sustained by the evidence, respondent was plainly entitled to a judgment against appellants in the sum of $6,250, whether that sum be held as a penalty or liquidated damages. *Georgia Land & Cotton Co. v. Flint*, 35 Ga. 226. We decline, therefore, to discuss the legal phase of the matter as between liquidated damages and a penalty, inasmuch as under either holding respondent is entitled to judgment under the findings.

Judgment affirmed.

CROW, C. J., MOUNT, ELLIS, and FULLERTON, JJ., concur.